# Aland, Appellant, *v.* Cluett, Peabody & Company.

*Contracts — Bailment — Written contracts — Purchase-price — Agreement as to purchase-price—Insufficiency—Plaintiff's statement—Quantum meruit.*

A manufacturer of shirts sent a circular to various persons, engaged in the business of trimming windows, offering prizes for designs, and requesting photographs thereof. The owner of certain designs mailed photographs of them to plaintiff, with a formula for making the substance out of which the designs were to be constructed and a notice on the backs of the photographs that the designs were valuable, and that the photographs were to be returned. On the back of one of the photographs was an endorsement that the value of the original design was $2,000, and on the other photograph that it was worth $3,000, and that the formula was worth $5,000. The owner of the photographs wrote plaintiff that if the conditions on the backs of the photographs were acceptable they could use them in their exhibits, otherwise they should return them. The manufacturer replied merely stating that the photographs and letter had been received. The photographs were used in the exhibition, were not returned to the owner and were subsequently lost. In an action on an express contract to recover the amount endorsed on the reverse side of the photographs as their value and that of the formula, there was no evidence that defendant's attention was ever drawn to the endorsement or that he ever agreed to pay the amounts therein stipulated. *Held,* (1) the warning contained in plaintiff's letter to defendant was sufficient to indicate that the photographs and formula were valuable and merely bailed to defendant, and defendants are liable for their reasonable worth, if properly declared for, (2) the writing on the back of the photographs and the acceptance and use thereof did not constitute a contract to pay the amount expressed in such writing, and (3) a compulsory nonsuit was properly entered.

Argued Oct. 10, 1917. Appeal, No. 96, Oct. T., 1917, by plaintiff, from order of C. P. Allegheny Co., Sept. T., 1910, No. 782, refusing to take off nonsuit, in case of G. W. Aland v. Cluett, Peabody & Company, a Corporation of the State of New York, Registered and Doing Business Under the Laws of Pennsylvania. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit on a contract of sale.

SHAFER, P. J., filed the following opinion, sur plaintiff's motion to take off nonsuit:

The action is assumpsit upon what is claimed to be a written contract formed by letters between the plaintiff and defendant.

The defendant is a manufacturer of shirts, and in the year 1909 sent a circular to various persons throughout the country who were engaged in the business of trimming windows and making window displays, offering prizes for designs, and directing that photographs of the designs should be sent to them.

The plaintiff, in response to this circular, sent to the defendant two photographs of two separate designs, and a formula for making the substance out of which the designs were to be constructed.

He fastened to each of the photographs a notice, or rather, two notices signed by himself. The substance of each was that these designs were valuable, and that the defendant should take great care to return them to him, as the negatives of the photographs had been destroyed, and it would be difficult to replace them. He also wrote on the back of one photograph that the "value of this original design is two thousand dollars"; on the other photograph the statement that it was worth three thousand dollars, and on the formula that it was worth five thousand dollars. And he sent a letter also, in which he said to the defendants that, if the conditions on the back of the photographs were acceptable, they should go on and use the photographs in their exhibit; that otherwise they should return to him.

He received a reply which merely stated that the photographs and letter had been received. The photographs were then used in the exhibition carried on by the defendant. The defendant claims to have lost the photographs and was unable to return them.

When the case was first brought no mention was made in the pleadings of the prices alleged to be affixed to each

of these photographs and the formula, but some five years afterwards an amended statement of claim was filed, in which these inscriptions on the back of each of the photographs and the formula were alleged, and the case was put upon the contract alleged to be made by these writings to pay these several sums if the photographs and formula were not returned.

The plaintiff expressly stated on the trial that he was not claiming on a quantam meruit or a quantum valebat, but on a contract made by the writing for these sums of money.

While the circular says nothing whatever about the return of the photographs and in the absence of any further agreement or statement as to their return, the sending of the photographs in reply to the circular would not seem to bind the defendant to return them, yet the warning contained in the letter referred to the notice on the back of the photographs that they were valuable, and that he desired to have them returned, was sufficient to indicate that the photographs and formula were merely bailed to the defendant; that they were to return them, and this would, in our opinion, be sufficient to make out a case against the defendants, for whatever the photographs were reasonably worth, if that had been declared for and evidence given upon it. But we are clearly of the opinion that the mere writing of an alleged schedule upon the back of the photographs and the acceptance and use of the photographs containing such writing, did not amount to a contract to pay those sums in case the photographs or formula were not returned.

As the case stands the plaintiff is entitled to recover either ten thousand dollars or nothing. In the absence of any evidence that the defendant's attention was ever called to the alleged inscriptions on the back of the photographs and formula stating their value, we are unable to see how the writings could be construed as an agreement to pay those amounts.

The court entered a compulsory nonsuit which it subsequently refused to take off.    Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Harry R. Bunton,* with him *Thos. L. Kane,* for appellant.

*A. W. Forsyth* and *George J. Kambach,* for appellee, were not heard.

PER CURIAM, January 7, 1918:

The judgment is affirmed on the opinion of the learned president judge of the court below refusing the  motion to take off the nonsuit.